FILED
2015 Jan-15 AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHELLE LEE SMITH,   )<br>              )<br>     Plaintiff    )<br>              )<br>  vs.          )<br>              )<br>CAROLYN COLVIN,       )<br>COMMISSIONER, SOCIAL SECURITY  )<br>ADMINISTRATION,      )<br>              )<br>     Defendant   ) | Case No.  5:13-cv-01982-HGD |

## **MEMORANDUM OPINION**

This matter is before the undersigned U.S. Magistrate Judge based on the consent of the parties pursuant to 28 U.S.C. § 636(c).  Plaintiff, Michelle Lee Smith, filed for a period of disability and disability insurance benefits (DIB) on November 23, 2010, alleging she became disabled on August 31, 2010. (Tr. 52, 121-22).  Her application was denied.  Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  Following this hearing (Tr. 29-51), the ALJ issued an unfavorable decision on June 6, 2012, finding plaintiff was not disabled from August 31, 2010, through the date of his decision. (Tr. 19-25).  The Appeals Council

denied review. (Tr. 1-6, 14). Consequently, the Commissioner's decision is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## I. ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ first must determine the claimant's residual functional

capacity (RFC), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work, 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence in significant numbers of jobs in the national economy that the claimant can do given the RFC, age, education and work experience. 20 C.F.R. §§ 404.1520(g) and 404.1560(c).

At Step One, the ALJ found that plaintiff has not engaged in substantial employment since August 31, 2010, the alleged onset date. The ALJ further found, at Step Two, that plaintiff had the following severe impairments: degenerative disc disease of the knees, right hip replacement pain relating to a motor vehicle accident, and obesity. (Tr. 21). Although he found that plaintiff's degenerative disc disease of the knees was severe, he found that her impairment caused by her recent knee

replacement surgery was non-severe because its effect on her ability to perform basic work activities is not expected to persist beyond 12 months. (Tr. 22). He also found that plaintiff had a non-severe mental impairment of depression. (*Id.*).

At Step Three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). (Tr. 23).

The ALJ then reported that, after a careful consideration of the entire record, he found that plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). That regulation states:

> **Light work.** Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

At Step Four, the ALJ determined, based on testimony from a vocational expert (VE) that plaintiff had past relevant work as a dry cleaner attendant and that this work

was semi-skilled work performed at the light level of exertion. Thus, he found she is able to perform past relevant work and is, therefore, not disabled. (Tr. 25).

## II.     Plaintiff's Argument for Reversal

Plaintiff asserts that the final decision of the Social Security Administration in denying her benefits is not supported by substantial evidence. Specifically, plaintiff alleges that the ALJ's RFC findings are not based on substantial evidence. She states that the ALJ erred in finding her status after her most recent knee surgery to be a non-severe impairment. She also alleges that the RFC finding is based on insufficient evidence.

## III.    Standard of Review

Judicial review is limited to whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Brown*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, re-evaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is

reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**IV.   Discussion**

In making his findings, the ALJ stated that he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p , 96-5p, 96-6p and 06-3p. (Tr. 23).

The ALJ noted that plaintiff claims that her hips and knees have pain and that these symptoms are aggravated by her obesity. She alleges that she does not

participate in social activities as frequently and that she experiences some difficulty attending to personal care and performing housework. He further notes, however, that plaintiff indicated that she cares for her children, prepares meals, watches television, cleans, dusts, does laundry, sweeps, mops, drives, shops and plays board games with her children. The ALJ concluded that plaintiff's subjective allegations are largely overshadowed by the lack of objective medical evidence and the degree of participation in her daily activities. (Tr. 24).

The ALJ found that, although her medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC assessment. (Tr. 24).

The ALJ recognized that plaintiff's alleged knee and hip pain relating to her degenerative disc diseases is indicated by her history of a motor vehicle accident that exacerbated these symptoms and her obesity. He states that plaintiff has had several surgeries (including a right hip replacement and a left knee replacement), and her course of treatment also included recommended weight loss and medications. Imaging of her knee confirms the absence of lateral meniscus, a medial meniscus tear and degenerative arthritis. Medical imaging also reflects hip dislocation along with other degenerative changes and osteoarthritis. However, the consultative examiner

found that plaintiff was capable of ambulating without an assistive device, and while she showed a residual loss of range of motion in her knees, overall there was only a slightly decreased range of motion.

The ALJ found plaintiff's subjective allegations to be consistent with the expected symptoms but also found that they reflect a greater degree of severity than shown by the medical evidence. First, the ALJ noted that despite alleging significant symptoms, plaintiff engages in many daily activities including cleaning, driving, shopping, and performing many household chores. Additionally, while imaging shows the absence of lateral meniscus and plaintiff has had several surgeries, her consultative examiner found only a slightly decreased range of motion. (Tr. 24-25, citing Exs. 2F and 3F). The ALJ also stated that, at the hearing, plaintiff stated that she was still able to perform light work. (Tr. 25). Thus, the ALJ viewed plaintiff's statements pertaining to the severity of her symptoms with limited credibility. (*Id.*).

The ALJ accorded significant weight to the opinions of the consultative examiner, Dr. Will R. Crouch, M.D., who evaluated plaintiff and found only slightly decreased range of motion in her knees. (Tr. 25, citing Ex. 3F at 2). According to the ALJ, the findings of Dr. Crouch are consistent with a light RFC. Similarly, the ALJ gave significant weight to the state agency medical consultant, Dr. Robert Estock, M.D., who found no severe mental impairments despite evidence of depression. (*Id.*).

The ALJ concluded that the RFC assessment is supported by the findings of these physicians and the lack of opinion from any treating physicians prescribing a more limited range of work. (*Id.*).

Plaintiff first contends that the ALJ erred in finding her January 2012 knee replacement was not a severe impairment. She asserts that her knee surgery was part of a continuum of deterioration of her knees. However, the ALJ found that her knee replacement surgery was not severe because it was causing a limitation that was not expected to last for a continuous period of at least 12 months. Plaintiff presented no evidence to counter this conclusion. Plaintiff bears the ultimate burden of proving disability. *See* 42 U.S.C. § 423(d)(1)(A), (5); *Bowen v. Eckert*, 482 U.S. 137, 146 n.5 (1987); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Medical records submitted reflect that plaintiff had knee replacement surgery in January 2012 and returned to the doctor in February 2012, when he removed her staples and sutures. (Ex. 5F at Tr. 330-34). Thereafter, plaintiff never returned to the doctor who performed the surgery, testifying at her hearing in May 2012 that, although she was scheduled to return, she forgot about the appointment. (Tr. 38). A claimant must prove that her impairment "ha[s] lasted or [is] expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1520(a)(4)(ii) & 404.1509. She has failed to do so.

Even if the ALJ erred, the error was harmless because the ALJ concluded that Smith had other severe impairments, and that finding is all that Step Two requires. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to social security cases); *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy Step Two) (emphasis added).

Nothing requires that the ALJ must identify, at Step Two, all of the impairments that should be considered severe. Instead, at Step Three, the ALJ is required to demonstrate that he has considered all of the claimant's impairments, whether severe or not, in combination. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments"). Here, that the ALJ did consider all of Smith's impairments (whether severe or not) in combination is clear. At Step Four, the ALJ explicitly stated that he considered "all the evidence" (Tr. 24) and "all symptoms." (Tr. 23). The ALJ discussed in detail Smith's testimony and medical history, which included Smith's complaints about her left knee, her limitations due to her impairments, and the diagnoses she received related to impairments, including the findings of the consultative examiner. *See Jones v. HHS*,

941 F.2d 1529, 1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings). The ALJ's RFC findings and his RFC discussion reflect that he gave due consideration to all of plaintiff's impairments, both severe and non-severe.

Based on this assessment, the ALJ then concluded that plaintiff could perform her past relevant work as a dry cleaning attendant and was not disabled. This conclusion was based on plaintiff's various impairments and her activities of daily living, as well as the report of the consultative examiners.

The ALJ noted that in February 2011, Dr. Crouch found that plaintiff was able to walk without an assistive device and that her range of motion is only slightly decreased. She was also able to heel-to-toe walk, but could not squat and arise. She had fully intact upper and lower motor strength. (Tr. 312). Dr. Crouch did not provide an opinion or assessment of RFC; however, the ALJ found that his findings were consistent with a "light" RFC. (Tr. 25).

The ALJ also noted that plaintiff reported caring for her children, preparing meals, watching television, cleaning, dusting, doing laundry, sweeping, mopping, driving, shopping, and playing board games with her children. (Tr. 24, 190-95).

Although plaintiff had a total left knee replacement in January 2012, she failed to attend a follow-up appointment with her physician after having her stitches and

sutures removed. Her excuse for missing is that she simply forgot about the appointment. This alone undermines her claim that her left knee replacement is a severe impairment.

## V. Conclusion

Substantial evidence supports the ALJ's RFC finding that plaintiff can perform the full range of light work. Plaintiff has failed to show that she is more limited than found by the ALJ. The ALJ properly considered the relevant evidence and properly weighed it in making his decision. His findings provide a thorough and detailed discussion of plaintiff's medical history, testimony, and the record as a whole. Consequently, the ALJ's determination that plaintiff is not disabled is due to be affirmed. A separate order will be entered.

DONE this 15th day of January, 2015.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE